UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2750(DSD/SER)

TempWorks Software, Inc., a
Minnesota corporation,

        Plaintiff,

v.                                          **ORDER**

Careers USA, Inc. a
Florida corporation,

        Defendant.

      John H. Reid, Esq., TempWorks Software, Inc., 3140 Neil
      Armstrong Boulevard, #205, Eagan, MN 55121, counsel for
      plaintiff.

      Brian Dranoff, Esq., Jennifer O. Johnson, Esq., Careers
      USA, 6501 Congress Avenue, Suite 200, Boca Raton, FL
      33487 and Terrance J. Wagener, Esq. and Messerli &
      Kramer, P.A., 1400 Fifth Street Towers, 100 South Fifth
      Street, Minneapolis, MN 55402, counsel for defendant.

      This matter is before the court upon the motion by defendant

Careers USA, Inc. (Careers USA) to dismiss or, in the alternative,

to transfer venue.  Based on a review of the file, record and

proceedings herein, and for the following reasons, the motion is

denied.

**BACKGROUND**

      This contract dispute arises out of the provision of software

by TempWorks Software, Inc. (TempWorks) to Careers USA.  TempWorks,

a Minnesota corporation, markets software products to staffing agencies. Compl. ¶ 1. Careers USA, a Florida corporation, provides staffing services to third-party businesses. Id. ¶ 2.

In June 2013, TempWorks and Careers USA executed a contract (Agreement), pursuant to which TempWorks licensed software to Careers USA. Id. ¶ 6. Under the heading of "Satisfaction Guarantees," the Agreement provided that

> [d]uring the first 180 days following the installation of the Software and completion of any initial conversion or enhancement projects and for 90 days following the Live Date,[1] if [TempWorks] does not adequately and timely correct a problem with the Software or if the Software does not otherwise perform adequately, in [Careers USA's] sole discretion, [Careers USA] may elect to terminate this Agreement ... for a 100% refund of any and all fees paid by [Careers USA] to [TempWorks] ....

Compl. Ex. A, at 6. Careers USA paid TempWorks an initial fee of $31,250 upon execution of the Agreement. See id. at 9. Careers USA agreed to make three further payments, each of $31,250, upon the "live date" and thirty and ninety days thereafter. See id. at 10.

Thereafter, a dispute arose between TempWorks and Careers USA concerning TempWorks' travel expenses and billing rates. Compl. ¶¶ 17-18. Following continued disagreement, TempWorks

---

[1] The "live date" was to be "[t]he Monday of the first week in which a live payroll and invoicing run [were] performed and [Careers USA] provid[ed] written notice to [TempWorks] of the same." See Compl. Ex. A, at 1.

emailed Careers USA and offered to terminate the Agreement.  Id. ¶ 21.   Careers  USA  declined  to  terminate  the  Agreement  and TempWorks  continued  to  perform  according  to  it.   Id. ¶¶ 22-23. Thereafter,  Careers  USA  contacted  TempWorks  to  complain  about further problems with the software.  Id. ¶ 24.  On September 30, 2013, Careers USA informed TempWorks it had no concerns regarding the software or the status of the data conversion and installation. Id. ¶ 27.   In  a  letter  dated  October  1,  2013,  Careers  USA terminated  the  Agreement,  purporting  to  invoke  the  satisfaction guarantee.  See Compl. Ex. B.  As of that date, the initial conversion and enhancement work was not yet complete, and the "live date" had not occurred.  Compl. ¶ 30.

On  October  7,  2013,  TempWorks  filed  suit,  alleging anticipatory repudiation and breach of contract.  Careers USA moves to dismiss or, in the alternative, to transfer venue.

## DISCUSSION

## I.   Subject-Matter Jurisdiction

Federal  courts  are  courts  of  limited  jurisdiction,  and subject-matter jurisdiction is a threshold inquiry for all actions. See Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991).  A court must  dismiss  an  action  over  which  it  lacks  subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy

exceed $75,000, exclusive of interest and costs, and that complete diversity of citizenship exist between the parties.  A party may challenge subject-matter jurisdiction on the face of the complaint or for the factual truth of the allegations.  See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  Here, Careers USA makes both facial and factual challenges.

**A.   Facial Challenge**

In a Rule 12(b)(1) facial challenge, the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party.  See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he non-moving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)." (citation omitted)).  As a result, the court limits its facial inquiry to the pleadings, matters of public record, exhibits attached to the complaint and materials necessarily embraced by the pleadings.[2]  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); Osborn, 918 F.2d at 729 n.6.  In evaluating whether the amount-in-controversy requirement is satisfied, "the

---

[2]Here, the Agreement and the October 1, 2013, letter are attached to the complaint and are properly considered.  The materials submitted with Careers USA's motion that are not matters of public record, however, are not properly considered in the facial challenge.  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

4

sum claimed by the plaintiff in good faith is usually dispositive, [but] it does not control where it appears to a legal certainty [that] the plaintiff's claim is actually for less than the jurisdictional amount." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted). "The legal certainty standard is met where the legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id. (alteration in original) (citations and internal quotation marks omitted).

Here, TempWorks alleges that it "has incurred fixed damages in the amount of $93,750.00, ... exclusive of interest and costs." Compl. ¶ 36. Careers USA argues that such damages are speculative. In a facial challenge, "[t]he [c]ourt will not rely on the possibility of ... speculative damages in determining whether plaintiffs have met their burden to establish jurisdiction." G. Keys PC/Logis NP v. Pope, 630 F. Supp. 2d 13, 16-17 (D.D.C. 2009) (citation omitted). Here, TempWorks has pleaded that it is owed $93,750 in license fees under the Agreement, consisting of "the remaining amount of invoicing, expected but unearned." Compl. ¶ 36. Such expectation damages are not speculative. See Grandoe Corp. v. Gander Mountain Co., No. 11-0947, 2013 WL 3353927, at *16 (D. Minn. July 3, 2013). Thus, Careers USA has not demonstrated

that a legal impossibility of recovery is certain.  As a result, TempWorks has plausibly alleged a claim for relief in excess of $75,000.

## B.    Factual Challenge

In a factual challenge to subject-matter jurisdiction, "the court considers matters outside the pleadings ... and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn, 918 F.2d at 729 n.6 (citations omitted).  Careers USA argues that the court lacks subject-matter jurisdiction because TempWorks failed to satisfy the contractual conditions that would have entitled it to the payments needed to satisfy the amount-in-controversy requirement.  Such an argument, however, goes to the merits of the underlying anticipatory repudiation and breach of contract claims.  The court need not decide the jurisdictional issue upon a factual challenge, however, "when the jurisdictional issue is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." Osborn, 918 F.2d at 730 (citation and internal quotation marks omitted).  Here, the effect of any contractual conditions on the amount in controversy is closely related to the underlying claims.  See Smith v. Z-Label Sys., Inc., No. 04-0943, 2005 WL 2101166, at *2 (W.D. Mo. Aug. 31, 2005).  As a result, the court need not decide the contested issues as part of its jurisdictional inquiry and dismissal for lack of subject-matter jurisdiction is not warranted.

## II.  Personal Jurisdiction

Careers USA next moves to dismiss for lack of personal jurisdiction.  To survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant.  See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).  A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc., v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted).  Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements.  Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted).

"To satisfy due process a defendant must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Romak USA, 384 F.3d at 984 (citations and internal quotation marks omitted).  "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there ...." Coen, 509 F.3d at 905 (citations and internal quotation marks omitted).  Contacts with the forum state can

establish personal jurisdiction under either general or specific jurisdiction.  Specific jurisdiction is present when the cause of action "arise[s] out of or relate[s] to" a defendant's activities within that state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted).  A valid forum selection clause is sufficient to confer specific jurisdiction.  See St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001) ("Due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." (citations and internal quotation marks omitted)).  Careers USA does not dispute that the Agreement contains a forum selection clause,[3] but instead argues that the clause is (1) unenforceable because it is unreasonable and unjust and (2) inapplicable to the instant dispute.

---

[3] The forum selection clause provides:

The laws of the State of Minnesota shall govern this Agreement and [Careers USA] irrevocably consents and submits to the jurisdiction of state courts[] of, and federal courts in, the State of Minnesota, for the purpose of any suit, action or proceeding commenced by [TempWorks].

The laws of the State of Florida shall govern this Agreement and [TempWorks] irrevocably consents and submits to the jurisdiction of state courts[] of, and federal courts in, the State of Florida, for the purpose of any suit, action or proceeding commenced by [Careers USA].

Compl. Ex. A, at 11.

A.    Enforceability of Forum Selection Clause

"The Eighth Circuit has ... expressed its inclination to find that federal law governs resolution of [enforceability of a forum selection clause] in diversity cases." U.S. Bank Nat'l Ass'n v. San Bernardino Pub. Emps.' Ass'n, No. 13-2476, 2013 WL 6243946, at *2 (D. Minn. Dec. 3, 2013) (citation omitted).  Further, "[t]he parties do not argue that the outcome differs depending on the law applied, and so the [c]ourt evaluates the clause under federal law." Id. (citation omitted); see also Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 579-80 (2013).

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid ...." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  "A forum selection clause is unjust or unreasonable if: (1) the clause is the product of fraud or overreaching; (2) the party would effectively be deprived of [its] day in court if the clause is enforced; and (3) enforcing the clause would contravene the public policy of the forum in which suit is brought." St. Jude Med., S.C., Inc. v. Biosense Webster, Inc., No. 12-621, 2012 WL 1576141, at *3 (D. Minn. May 4, 2012) (citations omitted).  "Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially

heavy burden of proof to avoid its bargain." Servewell Plumbing LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006) (citation and internal quotation marks omitted).

Careers USA first argues that TempWorks misrepresented aspects of the Agreement, which directly induced Careers USA to enter into the Agreement. Careers USA, however, has not provided any factual support for such statements. Moreover, Careers USA does not argue that the forum selection clause itself was procured by fraud. See M.B. Rests., Inc., 183 F.3d at 752-53. Moreover, the reciprocal nature of the forum selection clause supports a conclusion that it was the product of arm's-length negotiation.

Careers USA also argues that the forum selection clause is unreasonable because of the substantial inconvenience it will suffer if required to litigate in Minnesota.[4] Mere inconvenience, however, is insufficient to defeat a forum selection clause. Id. at 753. Instead, a party seeking to avoid its promise must demonstrate that proceeding "in the contractual forum will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." Dominium Austin Partners v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001)

---

[4] Careers USA argues that TempWorks transacts business in Florida and suggests that, as a result, litigation in Florida would be appropriate. The contacts of TempWorks, however, are "of no consequence" to the determination of whether the court has personal jurisdiction over Careers USA. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 820 (8th Cir. 1994).

(citation and internal quotation marks omitted).  No such evidence is before the court.  As a result, the forum selection clause is not unreasonable or unjust, and it is enforceable.

**B.    Applicability of Forum Selection Clause**

Careers USA next argues that, even if the forum selection clause is enforceable, the provision conferring Minnesota jurisdiction is inapplicable to this matter.  Specifically, Careers USA argues that it commenced this "action" by sending its October 1, 2013, letter and, as a result, the portion of the forum selection clause conferring Florida jurisdiction applies. TempWorks responds that the term "action," as used in the Agreement, is a term of art and that no action was commenced by the October 1, 2013, letter.  The court agrees.

"Contract interpretation is a substantive issue, to be determined under state law."  3M Innovative Props. Co. v. Barton Nelson, Inc., No. 02-3591, 2003 WL 22989077, at *3 (D. Minn. Dec. 12, 2003).  "Federal courts sitting in diversity apply the choice-of-law rules of the forum state."  Cicle v. Chase Bank USA, 583 F.3d 549, 553 (8th Cir. 2009) (citation omitted).  As already explained, the valid forum selection clause contains a reciprocal choice-of-law provision from which the applicable law and forum are determined by which party first commences a "suit, action or proceeding."  See Compl. Ex. A, at 11.

Here, the manner in which the choice-of-law provision applies - that is, whether Minnesota or Florida law applies - is at issue. As a result, the court first determines "whether the different states' laws actually present a conflict." Whitney v. Guys, Inc., 700 F.3d 1118, 1123 (8th Cir. 2012) (citation omitted). "A conflict exists if the choice of one forum's law over the other will determine the outcome of the case." Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co., 604 N.W.2d 91, 94 (Minn. 2000) (citation omitted). The court finds no conflict between Minnesota and Florida law on any determinative issue. Further, the parties do not dispute that Minnesota law applies in the limited context of determining the meaning of "action." See Netherlands Ins. Co. v. Main Street Ingredients, LLC, 745 F.3d 909, 913 (8th Cir. 2014). As such, a choice of law need not be made and the court applies Minnesota law in interpreting the clause.

Under Minnesota law, the court must "give effect to the intention of the parties as expressed in the language they used in drafting the whole contract." Art Goebel, Inc. v. N. Suburban Agencies, Inc., 567 N.W.2d 511, 515 (Minn. 1997) (citation omitted). The court gives unambiguous language its plain and ordinary meaning. Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 880 (Minn. 2002) (citations omitted). Language is ambiguous if "reasonably subject to more than one interpretation." Columbia Heights Motors, Inc. v. Allstate Ins. Co., 275 N.W.2d 32, 34 (Minn.

12

1979) (citation omitted).  "Courts should guard against invitations to find ambiguity where none exists."  Metro. Prop. & Cas. Ins. Co. v. Jablonske, 722 N.W. 2d 319, 324 (Minn. Ct. App. 2006) (citation and internal quotation marks omitted).

Here, "action" is not ambiguous.  Ordinarily, "action" refers to a judicial action, rather than any unspecified activity undertaken by a party.  Cf. BP Am. Prod. Co. v. Burton, 549 U.S. 84, 92-93 (2006) (rejecting argument that statutory use of "action" could refer to administrative as well as judicial proceedings). The interpretation advanced by Careers USA - that "action" means "activity" - is unduly expansive.  See Brookfield Trade Ctr., Inc. v. Cnty. of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998) (declining to construe contract terms "so as to lead to a harsh and absurd result" (citation omitted)).  Thus, this "action" was commenced by TempWorks filing the complaint, and the portion of the forum selection clause providing for Minnesota law and a Minnesota forum is applicable.  As a result, the forum selection clause confers specific personal jurisdiction, and dismissal is not warranted.

## III.  Venue

Careers USA next argues that dismissal is warranted under Rule 12(b)(3) for improper venue.  TempWorks responds that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and the forum-selection clause in the Agreement.

13

Dismissal under Rule 12(b)(3) is appropriate "only when venue is wrong or improper" pursuant to federal venue laws. Atl. Marine, 134 S. Ct. at 577 (internal quotation marks omitted). The issue of whether venue is "wrong" or "improper" is governed by 28 U.S.C. § 1391. Id. The statute provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Courts have previously looked to the terms of a forum-selection clause in order to determine whether venue is proper. See, e.g., Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546-47 (8th Cir. 2003). The Supreme Court recently clarified, however, that "[w]hen venue is challenged, the court must determine whether the case falls within one of the categories set out in § 1391(b)" and that the terms of a forum-selection clause are not determinative in such an inquiry. Atl. Marine, 134 S. Ct. at 577. Here, Careers USA is a Florida corporation. "For all venue purposes," a corporate defendant is "deemed to reside ... in any judicial district in which such defendant is subject to the

court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  As already explained, Careers USA is subject to personal jurisdiction in Minnesota.  Thus, for venue purposes, Careers USA is deemed to reside in Minnesota.  As a result, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and dismissal is not warranted.

## IV.   Failure to State a Claim

Careers USA next argues that dismissal is warranted because TempWorks has failed to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or

a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

Here, Careers USA argues that dismissal under Rule 12(b)(6) is warranted because TempWorks failed to plead the requisite elements for anticipatory repudiation.  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 563 (citations omitted).  Anticipatory repudiation is the "unconditional repudiation of a contract, either by words or acts, which is communicated to the other party prior to the time fixed for his performance."[5]  Drydal v. Golden Nuggets, Inc., 689 N.W.2d 779, 785 n.4 (Minn. 2004) (citation and internal quotation marks omitted).  Here, TempWorks has alleged that, in the October 1, 2013, letter, Careers USA renounced its contractual obligations to TempWorks prior to the time for its performance as provided by the

---

[5] As already explained, the choice-of-law provision in the Agreement provides for the application of Minnesota law to actions commenced by TempWorks.  Minnesota courts generally enforce the parties' agreement regarding choice-of-law, absent evidence that the agreement was made in bad faith or an attempt to evade the law of Minnesota.  Hagstrom v. Am. Circuit Breaker Corp., 518 N.W.2d 46, 49 (Minn. Ct. App. 1994); see also Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n.1 (Minn. 1980).  No such evidence is before the court and, as a result, the court applies Minnesota law.

Agreement.   <u>See</u>  Compl.  ¶¶ 28-32.   Such  factual  allegations plausibly  allege  a  claim  for  anticipatory  repudiation.   As  a result,  dismissal  for  failure  to  state  a  claim  is  not  warranted.

## V.  Forum Non Conveniens and § 1404(a) Transfer

Finally,  Careers  USA  argues  for  dismissal  under  the  doctrine of  forum  non  conveniens  or,  alternatively,  for  transfer  of  this matter  to  the  United  States  District  Court  for  the  Southern District  of  Florida  pursuant  to  28  U.S.C.  § 1404(a).

"The  principle  of  forum  non  conveniens  permits  a  court  to decline  jurisdiction  even  though  venue  and  jurisdiction  are  proper, on  the  theory  that  for  the  convenience  of  the  litigants  and  the witnesses,  the  action  should  be  tried  in  another  judicial  forum." <u>Mizokami  Bros.  of  Ariz.,  Inc.  v.  Mobay  Chem.  Corp.</u>,  660  F.2d  712, 717  (8th  Cir.  1981)  (citations  and  internal  quotation  marks omitted).   "Section  1404(a)  is  merely  a  codification  of  the doctrine  of  forum  non  conveniens  for  the  subset  of  cases  in  which the  transferee  forum  is  within  the  federal  court  system."   <u>Atl.</u> <u>Marine</u>,  134  S. Ct.  at  580  (citation  omitted).

"In  the  typical  case  not  involving  a  forum-selection  clause, a  district  court  considering  a  § 1404(a)  motion  (or  a  forum  non conveniens  motion)  must  evaluate  both  the  convenience  of  the parties  and  various  public-interest  considerations."   <u>Id.</u> at  581. "The  calculus  changes,  however,  when  the  parties'  contract  contains a  valid  forum-selection  clause,  which  represents  the  parties'

agreement as to the most proper forum." Id. at 582 (citation and internal quotation marks omitted). "As a consequence, a district court may consider arguments about public-interest factors only." Id. (citation omitted). Relevant public interest considerations include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law .... The [c]ourt must also give some weight to the plaintiff['s] choice of forum." Id. at 581 n.6 (first alteration in original) (citations and internal quotation marks omitted).

Here, Careers USA argues in favor of dismissal or transfer based largely on private considerations, including its own convenience. Such arguments, however, are not properly considered given the valid forum selection clause. See id. at 582. Careers USA also argues that public interest factors - specifically, "the lack of interest for the state of Minnesota to provide a forum ... [for] an action against a non-resident defendant" - favor dismissal or transfer. See Def.'s Reply Mem. ¶ 54. The court disagrees. "Minnesota has an interest in providing a forum to parties seeking to remedy the alleged breach of contract with its residents." Petters Co. v. Stayhealthy, Inc., No. 03-3210, 2004 WL 1630932, at *4 (D. Minn. July 7, 2004) (citation omitted); see also GMAC/Residential Funding Corp. v. Infinity Mortg., Inc., No. 02-

4090, 2003 WL 21406189, at *3 n.1 (D. Minn. June 13, 2003) ("[I]n light of the unambiguous forum-selection clause Minnesota would ... have a strong interest in providing a forum for this matter."). Other relevant public interest factors are either neutral or weigh against dismissal.  As a result, neither dismissal on forum non conveniens grounds nor transfer pursuant to 28 U.S.C. § 1404(a) is warranted.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss or, in the alternative, to transfer [ECF No. 12] is denied.

Dated:  May 21, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court